UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TYSON BLUE<br>120 North Berlin Road<br>Berlin Heights, Ohio 44814<br><br>on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>INOAC EXTERIOR SYSTEMS, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>    Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Tyson Blue ("Plaintiff"), by and through undersigned counsel, and for his Complaint against Inoac Exterior Systems, LLC ("Defendant" or "Inoac"), states and alleges the following:

**INTRODUCTION**

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its non-exempt employees, including Plaintiff and other similarly situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division, and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Erie County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant was a Delaware company, maintains it corporate global headquarters in Bardstown, Kentucky, and has a production/manufacturing facility located at 1410 Motor Avenue, Fremont, Ohio 43420.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b). Plaintiff's Consent Form is attached hereto.

## FACTUAL ALLEGATIONS

13. Defendant is a producer/manufacturer of exterior systems for vehicles and provides auto exterior paint to Japanese and United States OEM manufacturers.

14. Defendant employed Plaintiff between March 2023 and January 2024 as a production/manufacturing employee at its Fremont, Ohio manufacturing/production facility.

15. Plaintiff and other similarly situated employees were employed as manufacturing/production employees at Defendant's Fremont, Ohio manufacturing/production facility.

16. Plaintiff's duties, and the duties of other similarly situated production/manufacturing employees, included, but were not limited to, operating machines and equipment, preparing items to be loaded and unloaded from the assembly line, loading and unloading items from the assembly line, and other tasks associated with the assembly, production and/or shipping of parts for the automotive industry.

17. Defendant classified Plaintiff and other similarly situated manufacturing/production employees as non-exempt employees.

18. Defendant paid Plaintiff and other similarly situated manufacturing/production employees on an hourly basis.

19. Plaintiff and other similarly situated manufacturing/production employees frequently worked over 40 hours per week.

20. Plaintiff worked on average over 50-60 each week.

**(Failure to Pay for All Hours Worked)**

21. Plaintiff and other similarly situated manufacturing/production employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) obtaining and changing into and out of their personal protective equipment, including, but not limited to, safety glasses, gloves, earplugs, Tyvec paint suit, company issued shirts, steel-toed boots, and respirator; b) getting work instructions and/or assignments; c) twice a month company meetings; d) walking to and from their assigned area of the manufacturing/production floor; e) performing their production/manufacturing work; and/or f) showering after their shifts.

22. Defendant required employees to be at their work areas performing their manufacturing/production work no later than their scheduled start time and they were not permitted to leave their work areas until after their scheduled stop time. As such, Plaintiff and similarly situated manufacturing/production employees were required to arrive at work early and perform their pre-shift work before their scheduled start times and leave work late in order to perform their post-shift work after their scheduled stop times. However, Defendant did not pay them for this pre- and post-shift work.

23. The time Plaintiff and other similarly situated manufacturing/production employees spent a) obtaining and changing into and out of their personal protective equipment, including, but not limited to, safety glasses, gloves, earplugs, Tyvec paint suit, company issued shirts, steel-toed boots, and respirator; b) getting work instructions and/or assignments; c) twice a month company meetings; d) walking to and from their assigned area of the manufacturing/production floor; e) performing their production/manufacturing work; and/or f) showering after their shifts was an integral and indispensable part of their principal activities, was required by Defendant, and was

performed for Defendant's benefit.

24. Changing into and out of their personal protective equipment, getting work instructions and/or assignments, walking to and from their assigned area of the manufacturing/production floor, attending meetings, getting work instructions and/or assignments, performing their production/manufacturing work, and showering are intrinsic elements of their principal activities and ones with which Plaintiff and other similarly situated manufacturing/production employees cannot dispense if they are to perform their principal activities.

25. The time Plaintiff and other similarly-situated employees spent donning and doffing their personal protective equipment was not only an integral and indispensable part of their principal activities, but it was also required by Defendant, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendant's benefit in that it helped keep the production floor safe and helped promote a more safe and efficient manufacturing/production process.

26. Plaintiff and other similarly situated manufacturing/production employees were not paid for time spent a) obtaining and changing into and out of their personal protective equipment, including, but not limited to, safety glasses, gloves, earplugs, Tyvec paint suit, company issued shirts, steel-toed boots, and respirator; b) getting work instructions and/or assignments; c) twice a month company meetings; d) walking to and from their assigned area of the manufacturing/production floor; e) performing their production/manufacturing work; and/or f) showering after their shifts. The pre-shift work activities are principal activities that start the continuous workday of Plaintiff and similarly situated manufacturing/production employees.

27. The amount of time Plaintiff and other similarly situated manufacturing/production

employees spent on this required and unpaid work amounted to approximately 40-45 minutes per day.

28. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing/production employees were not compensated for all of the time they worked, including all of the overtime hours they worked over 40 each workweek.

**(Defendant Willfully Violated the FLSA)**

29. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

31. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as follows:

> All former and current non-exempt manufacturing/production employees of Inoac Exterior Systems, LLC employed at the Fremont, Ohio facility between May 9, 2021 and the present.

32. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 1000 individuals.

33. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is

representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

34. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current non-exempt manufacturing/production employees of Inoac Exterior Systems, LLC employed at the Fremont, Ohio facility between May 9, 2021 and the present.

36. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 1000 individuals.

37. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether the unpaid pre- and post-shift work alleged herein was compensable and should have been considered hours worked;
>
> (b) whether Defendant failed to pay overtime compensation to its manufacturing/production employees for hours worked in excess of 40 each workweek; and
>
> (c) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. § 4111.03 and § 4111.10.

38. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

39. Named Plaintiff will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

40. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing/production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

44. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

45. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing/production employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Violations of Ohio Revised Code 4111.03)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Defendant's practice and policy of not paying Plaintiff and other similarly situated manufacturing/production employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

48. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

49. As a result of Defendant's practices and policies, Plaintiff and other similarly situated manufacturing/production employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly situated, collectively pray that this

Honorable Court:

  A.  Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

  B.  Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

  C.  Award Plaintiff and the classes he represents actual damages for unpaid wages;

  D.  Award Plaintiff and the classes he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

  E.  Award Plaintiff and the classes he represents pre- and post-judgment interest at the statutory rate;

  F.  Award Plaintiff and the classes he represents attorneys' fees, costs, and disbursements; and

  G.  Award Plaintiff and the classes he represents further and additional relief as this Court deems just and proper.

                Respectfully submitted,

                /s/ Chastity L. Christy
                Chastity L. Christy (0076977)
                Anthony J. Lazzaro (0077962)
                The Lazzaro Law Firm, LLC
                The Heritage Bldg., Suite 250
                34555 Chagrin Boulevard
                Moreland Hills, Ohio 44022
                Phone: 216-696-5000
                Facsimile: 216-696-7005
                chastity@lazzarolawfirm.com
                anthony@lazzarolawfirm.com
                Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all eligible claims and issues so triable.

/s/ Chastity L. Christy
One of the Attorneys for Plaintiff