IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tyson Blue,<br>*on behalf of himself and all others similarly situated*,<br><br>     Plaintiff,<br><br> -vs-<br><br>Inoac Exterior Systems, LLC,<br><br>     Defendant. | Case No. 3:24 CV 836<br><br>ORDER APPROVING CLASS ACTION<br>NOTICE, TOLLING, AND DISCOVERY<br><br>JUDGE JACK ZOUHARY |

## INTRODUCTION

Plaintiff Tyson Blue was a production/manufacturing employee at Defendant Inoac Exterior Systems, LLC's Fremont, Ohio facility from March 2023 to January 2024 (Doc. 1 at 3). Inoac produces exterior systems for vehicles and provides auto exterior paint (*id.*). In May 2024, Blue filed this collective action against his former employer, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201.

The parties have exchanged documents, conducted depositions, and consistently disagreed on the scope of who may be "similarly situated" and the appropriateness of court-supervised notice (*see* Docs. 12–17). Blue seeks court-supervised notice, tolling, and expedited discovery (Docs. 18, 21). Inoac opposes (Doc. 20).

## BACKGROUND

Blue claims Inoac failed to pay its hourly, non-exempt employees for all hours worked, including appropriate overtime compensation rates (Doc. 1 at 4–6). Blue claims he and other similarly situated manufacturing/production employees were only compensated from their

scheduled start time to stop time. He alleges employees were not compensated for the time obtaining and donning personal protective equipment (PPE), receiving work assignments, company meetings, travel time to work areas, performing work assignments, and showering after shifts (Doc. 18 at 3).

Blue seeks to send Notice to: "All former and current non-exempt hourly manufacturing/production employees of INOAC Exterior Systems, LLC employed at the Fremont, Ohio facility between May 9, 2021 and April 30, 2025" (*id.*). The final date reflects the date manufacturing and production employees ceased being employed at the Fremont facility (*id.* at 15).

### STANDARD

Under the FLSA, plaintiffs may proceed collectively if they are "similarly situated." 29 U.S.C. § 216(b). In order "to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1011 (6th Cir. 2023). The strong-likelihood standard "requires a showing greater than the one necessary to create a genuine issue of fact, but less than the one necessary to show a preponderance." *Id.* "Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies -- as to both timekeeping and compensation -- as the original plaintiffs were." *Id.* at 1010.

Each similarly situated employee wanting to join the collective action must affirmatively opt-in by filing their consent in writing. 29 U.S.C. §216(b). However, potential plaintiffs can only join the litigation if they are made aware of the suit and "[d]istrict courts have discretion to facilitate notice to potential plaintiffs." *Dietrich v. Romeo's Pizza, Inc.*, 2025 WL 2494515, at *2 (N.D. Ohio 2025) (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)).

Courts in this Circuit have adopted a two-step process. The first step allows a district court to facilitate notice to potential plaintiffs. *Clark*, 68 F.4th at 1008. While *Clark* modified the standard for this conditional certification from a modest showing to a strong likelihood, it did not disrupt the two-step process. The second step of the process -- which occurs after merits discovery -- requires the court to review the aggregate of opt-in employees and make a conclusive determination that they are similarly situated thereby allowing the case to proceed as a collective action to trial. *Id.*

### DISCUSSION

**Court-Supervised Notice**

FLSA does not define "similarly situated" but courts consider a variety of factors including:

(1) factual and employment settings of the individual plaintiffs,

(2) the different defenses to which the plaintiffs may be subject on an individual basis,

(3) the degree of fairness and procedural impact of certifying the action as a collective action, and

(4) whether the named plaintiff submits affidavits from opt-in plaintiffs.

*Polen v. JSW Steel USA Ohio, Inc.*, 699 F. Supp. 3d 622, 628 (S.D. Ohio 2023) (internal citation omitted). No factor alone is determinative, and similar does not mean identical. *Id.*

The similarly situated inquiry is to "determine whether the merits of other-employee claims would be similar to the merits of the original plaintiffs' claims -- so that collective litigation would yield 'efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.'" *Clark*, 68 F.4th at 1012.

Inoac's Corporate Representative, Cyle Hardymon, testified that all hourly manufacturing/production employees:

- Are subject to the same policies, procedures, and practices regarding their work hours (Doc. 18-1 at 25).

- Are subject to the same orientation training (*id.* at 26–27; Docs. 18-9, 18-10).

- Are subject to the same policies, procedures, and practices as it relates to personal protective equipment ("PPE") (Doc. 18-1 at 20–21).

- Are required to wear PPE (*id.* at 15–21).

- Are subject to same timekeeping policies and procedures (*id.* at 7).

- Utilize the same time clocks (*id.* at 9–11).

- Are subject to the same restriction that employees are not permitted to clock-in any sooner than seven (7) minutes prior to their shifts (*id.* at 7).

- Are subject to the same rounding policy as it relates to their clock-in time (*id.* at 3–8).

- Are subject to the same pay policy, procedures, and practices (*id.* 7–8).

- Enter through the employee hallway and wear safety glasses and earplugs (*id.* at 11–13).

- Engage in the same pre-shift work routine -- they walk through the door to the production floor, obtain and put on PPE, walk to the time clock, clock in, meet with their supervisors to find out where they are stationed for the day, and walk to their stations (*id.*).

- Attend daily pre-shift meetings with their supervisors (*id.* at 34–35).

- Are required to be at their workstations at the start of their shift time (*id.* at 24–25, 30).

- Are required to attend the "all employee meetings" that were to be held monthly (*id.* at 32–33).

- Have the same break policies, procedures, and practices (*id.* at 21–23).

Inoac counters by arguing the merits of the case. Inoac cites *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544 (6th Cir. 2006) to support its argument that "[c]ourts have, and frequently exercise, discretion to deny court-facilitated notice of a collective action" (Doc. 20 at 7). However, that case

4

involved the defendant appealing the district court *granting* plaintiff's motion for notice and the Circuit's denial of defendant's appeal for lack of jurisdiction -- not a case analogous to ours.

Additionally, Inoac invokes the *de minimis* work doctrine. Under that doctrine, "insubstantial or insignificant periods of time beyond the scheduled working hours, which cannot as a practical administrative matter be precisely recorded for payroll purposes, may be disregarded." *Lott v. Recker Consulting, LLC*, 2025 WL 2550009, at *18 (S.D. Ohio 2025). Determination of whether work is "insubstantial or insignificant" under the *de minimis* doctrine is a "purely factual issue." *Kurpan v. CNC Precision Machine, Inc.*, 2024 WL 3992299, at *3 (N.D. Ohio 2024). The *de minimis* argument here is premature as it requires a fact-specific inquiry. This case is not at the dispositive-motion stage and, even so, questions of fact are left for later with the fact finder.

**Equitable Tolling**

Plaintiff requests equitable tolling of the statute of limitations for potential opt-in plaintiffs. Defendant counters that Plaintiff lacks standing and offers no factual basis to support equitable tolling. Defendant points to Plaintiff's failure to satisfy the "*Andrews* factors" (Doc. 20 at 18). Concerningly, Defendant does not introduce these factors, provide analysis, or provide a citation to the *Andrews* case. Further, the elusive *Andrews* factors are not comprehensive and some factors may not be relevant to a tolling inquiry. *Hyde v. Fricker's USA, LLC*, 2024 WL 4197903, at *5 (S.D. Ohio 2024).

Equitable tolling "permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity" and the doctrine is "read into every federal statute." *Struck v. PNC Bank N.A.*, 931 F. Supp. 2d 842, 846 (S.D. Ohio 2013). The decision to invoke equitable tolling "lies solely within the discretion of the trial court." *Id.*

Post-*Clark*, a split within this Circuit developed regarding the timing of consideration of equitable tolling within FLSA litigation. Some courts have followed what might be called the *Jones* route -- finding it "premature for a court to rule on the question of equitable tolling before a decision on conditional certification and before the potential opt-in plaintiffs are properly before the court." *Jones v. Ferro Corp.*, 2023 WL 4456815, at *7 (N.D. Ohio 2023). *Jones* denied without prejudice Plaintiff's request for equitable tolling of the statute of limitations with respect to potential opt-in plaintiffs. *Id.* The court adopted an individualized approach, stating, "any opt-in plaintiffs whose claims may otherwise be time-barred may move for equitable tolling at that time." *Id.*

Other courts have been persuaded to grant equitable tolling based on Judge Bush's concurrence in *Clark. See Sekala v. Just Mike's Jerky Co., Inc.*, 2025 WL 1564272, at *3 (N.D. Ohio 2025). Judge Bush wrote:

> I fully join the majority opinion but write separately because equitable tolling should be made available to plaintiffs in collective actions under the [FLSA]. The statute of limitations for FLSA actions is usually two years. The heightened standard we announce, with its concomitant discovery and requirement to litigate defenses, may significantly lengthen the period before potential plaintiffs are notified of a pending FLSA lawsuit. As a result, many potential plaintiffs may not learn of the FLSA action until after the limitations period for some or all of their claims has run.

*Clark*, 68 F.4th at 1012 (internal citations omitted). Courts that have followed this approach have found that the interests of justice weigh heavily in favor of tolling. *See Hyde*, 2024 WL 4197903, at *7. Further, courts who subscribe to this approach have noticed that "*Jones* relied on cases decided pre-*Clark*." *Sekala*, 2025 WL 1564272, at * 6. This Court believes the interests of justice and judicial efficiency weigh in favor of equitable tolling.

## CONCLUSION

This Court grants Plaintiff's Motion (Doc. 18) for court-supervised notice, permits equitable tolling, and approves Plaintiff's opt-in discovery request (Doc. 18-12).

6

Within 10 days of this Order, Defendant shall fully answer Plaintiff's Expedited Opt-In Discovery, and also provide Plaintiff an Excel spreadsheet containing the name, last known home address (including zip code), last known telephone number, last known email address, and employment dates of all former and current non-exempt hourly manufacturing/production employees of INOAC Exterior Systems, LLC employed at the Fremont, Ohio facility between May 9, 2021 and April 30, 2025.

Further, Plaintiff's Proposed Notice to Potential Class Members (Doc. 18-11) is approved. If counsel cannot agree which employees should receive the Notice, counsel shall promptly reach out to Chambers to set a Zoom Conference, proceeded by an email to Chambers (Zouhary_Chambers@ohnd.uscourts.gov) outlining the dispute.

IT IS SO ORDERED.

                                                                                                                     s/ *Jack Zouhary*
                                                                                                                     JACK ZOUHARY
                                                                                                                     U. S. DISTRICT JUDGE

                                                                                                                     December 8, 2025